IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SANDERS,

      Plaintiff,

vs.                                             No. CV 18-00563 KG/KBM

FCI MCDOWELL IN WEST VIRGINIA
IN THE UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISISSAL

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915A(b) and Fed. R. Civ. P. 12(b)(2) and (6) on the Complaint filed by Plaintiff Christopher Sanders on June 14, 2018 (Doc. 1). The Court will dismiss this case on the grounds that the Court lacks jurisdiction over the Defendant and claims, and the Complaint is frivolous, malicious, and fails to state a claim for relief.

Plaintiff Christopher Sanders is a prisoner incarcerated at FCI McKean in Bradford, Pennsylvania. (Doc. 1 at 1, 5). The allegations of the Complaint indicate that Plaintiff Sanders was previously incarcerated at FCI McDowell in West Virginia and FCI Butner in North Carolina. (Doc. 1 at 1, 4). The averments in the Complaint are largely unintelligible, but appear to assert federal civil rights claims for vague, unspecified due process and 8th Amendment violations, as well as state-law claims for fraud and negligence. (Doc. 1 at 2, ¶ III). The relief requested in Sanders Complaint is for "a recommendation not only to Philadelphia, PA 19106 court room 2609 Arelan Fisk in Judge Sanchez, but also to are lasted President of the United

1

States [Mr. B. Obama for a attorney, lawyer] so one to heal me with my legal claims." (Doc. 1 at 3).

The Complaint claims Sanders was "told to take my tort claim to the this [sic] District Court Pete V. Domenic [sic] United States Court House" (Doc. 1 at 3) but does not allege any conduct by any identified individual occurring in or connected to New Mexico. Sanders asserts that he has sent previous filings to this Court (Doc. 1 at 2), but the Court has no record of any prior civil or criminal filings or proceedings involving Christopher Sanders. The Court's research does indicate that Sanders has filed civil cases in other federal districts, and at least some of the cases in other districts have been dismissed for lack of jurisdiction. *See Christopher Sanders v. United States*, No. CV 17-3593 KAM (S.D.N.Y.); *Christopher Sanders v. United States,* No. CV 17-1110 (S.D. TX.) (dismissed as frivolous); *Sanders v. United States*, No. CV 17-4197 RMB (D.N.J.) (dismissed for lack of jurisdiction); *Christopher Sanders v. United States*, No. CV 17-228 JL (D.N.H.); and *Christopher Sanders v. John C. Green, et al.,* No. CV 14-1493-J-34 PDB (M.D. Fla.).

**I. Plaintiff's Complaint will be Dismissed Under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b):**

Plaintiff Sanders is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* under 28 U.S.C. § 1915A(b) if the Court determines that the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court determines that Sander's Complaint should be dismissed for § 1915A(b) reasons.

The Prison Litigation Reform Act (PLRA), Section 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b). The PLRA clearly authorizes dismissal of civil lawsuits against governmental entities, officers, or employees upon screening regardless of the prisoner litigant's fee status. *Plunk v. Givens,* 234 F.3d 1128, 1129 (10th Cir. 2000).

The Court may also dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(2) and for lack of personal jurisdiction. Moreover, under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly,* 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### A. The Court Lacks Personal Jurisdiction over Defendant.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

Section 1915A contains no express authorization for a dismissal for lack of personal jurisdiction. *See* 28 U.S.C. § 1915A. However, the Tenth Circuit Court of Appeals has previously held that a district court may, in certain circumstances, properly dismiss an action based on an affirmative defense where the defense clearly appears on the fact of the complaint. *See Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006); *Fratus v. Deland,* 49 F.3d 673, 674–75 (10th Cir.1995). The lack of jurisdiction is clearly apparent on the face of the Complaint.

The Complaint states:

> "Persons involved—name each person and tell what that person did to you: The FCI McDowell staff, in West Virginia also New Mexico, the United States of America; for negligence failing to use the type of care of professional should reasonably use in a given situation. Also <u>Fraud</u>."

(Doc. 1 at 2). The Court notes there are no FCI McDowell staff located in New Mexico. The Complaint does not allege that any Defendant resides in New Mexico, that any conduct by any Defendant occurred in New Mexico, that Sanders has ever been in New Mexico, or that Sanders' allegations are even connected to New Mexico. The Complaint does not establish any, much less minimum, contacts with the State of New Mexico. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472. It is clear from the face of the Complaint that the Court lacks personal jurisdiction over the Defendant, FCI McDowell, and Sanders' claims. The Court will dismiss the Complaint under Fed. R. Civ. P. 12(b)(2).

**B. Plaintiff Does Not State Any Claim for Relief Under *Bivens*.**

The Defendant named in the Complaint is FCI McDowell. FCI McDowell is a facility operated by the Bureau of Prisons, a federal agency. The United States of America thus constitutes the real party in interest. *See Ghandi v. Police Dep't,* 747 F.2d 338, 342–43 (6th Cir.1984) (citations omitted) (recognizing United States as real party in interest in case against federal agencies like the FBI). Because sovereign immunity generally shields the United States and its agencies from suit, in order to proceed on a *Bivens* claim, a plaintiff must "point to a specific waiver of immunity in order to establish jurisdiction." *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.,* 554 F.3d 1290, 1295 (10th Cir. 2009). Sanders does not point to any waiver and sovereign immunity bars his claims against FCI McDowell. *Cortez v. E.E.O.C.,* 585 F.Supp.2d 1273, 1283–84 (D.N.M.2007). Sanders' Complaint does not state a *Bivens* claim against FCI McDowell.

To the extent Sanders asserts claims against FCI McDowell staff, the correctional staff are federal officials. A claim against a federal official proceeds under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates the only civil rights cause of action against federal officials and is similar to the cause of action 42 U.S.C. § 1983 creates against state officials. To state a claim for relief under *Bivens* or § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and an alleged violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983 or *Bivens*. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a civil rights action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Generalized allegations against "defendants" or "staff," without providing the names of the actors and identifying the individual conduct that caused deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that

6

government officials, through the official's own individual actions, violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Sanders names FCI McDowell as the Defendant and alleges "FCI McDowell staff . . . fail[ed] to use the type of care of professional should reasonably use in a given situation." (Doc. 1 at 2, ¶ IV). Sanders makes a generalized, conclusory claim that the actions of FCI McDowell staff constitute due process and 8th Amendment violations. (Doc. 1 at 2, ¶¶ III, IV). Sanders does not, however, identify any individual actor, does not factually specify what actions were taken by any individual, and does not explain how any actor or actions constituted a violation of due process or 8th Amendment rights. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Sanders Complaint is factually insufficient and fails to state any claim for relief under *Bivens*. *Twombly,* 550 U.S. at 570.

### C. Plaintiff's Complaint is Frivolous, and Further Amendment Would be Futile.

The Court declines to grant Sanders leave to amend his Complaint. The Complaint does not contain any allegations that would even imply he has a claim or cause of action related to New Mexico. Absent even the slightest suggestion of a claim arising out of or connected to conduct in New Mexico, any amendment by Sanders would be futile. *Hall v. Bellmon,* 935 F.2d at 1109.

Sanders is a prisoner within the meaning of 28 U.S.C. § 1915A, has not been granted leave to proceed *in forma pauperis,* and has not paid any portion of the filing fee. His Complaint is abusive of the judicial process and is properly typed as frivolous within the context of the PLRA. *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993). The Court finds the claims asserted by Sanders are frivolous under 28 U.S.C. § 1915A.

As the Supreme Court has indicated, the PLRA was designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). The Act grants judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.* at 327. The Complaint will be dismissed as frivolous under 28 U.S.C. § 1915A and without leave to amend.

**II. The Complaint is Also Subject to Dismissal Under Fed. R. Civ. 41(b):**

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff did not pay the $400.00 filing fee for this case or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On June 19, 2018, the Court ordered Plaintiff to cure this deficiency within 30 days by either paying the $400.00 filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 2). The Order advised Plaintiff that, to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice if he fails. (Doc. 2 at 1). The Court also sent Plaintiff the forms for submitting an application under § 1915. (Doc. 2 at 2).

More than 30 days have elapsed after the entry of the Court's Order to Cure Deficiency and Plaintiff did not pay the $400.00 filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's June 19, 2018 Order. Therefore, on July 24, 2018, the Court ordered Plaintiff to show cause within thirty (30) days of the date of entry of the Order why the proceeding should not be dismissed for failure to comply with the requirements of 28 U.S.C. §§

1914 and 1915 and with the Court's June 19, 2018, Order to Cure Deficiency. (Doc. 4). Plaintiff, again, did not show cause or otherwise respond to the Court's Order of July 24, 2018, within thirty (30) days.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The Court may also dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Orders of June 19, 2018, and July 24, 2018, and failure to prosecute this case.

**IT IS ORDERED** the Complaint filed by Plaintiff Christopher Sanders on June 14, 2018, (Doc. 1) is **DISMISSED** with prejudice and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE